## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LAWRENCE A. LOCKE, individually and )
on behalf of all others similarly situated, )
                               )
            Plaintiff, )
                               )
v.                                )     Case No. 5:10-cv-01277-F
                               )
QUIBIDS, LLC,                 )
                               )
            Defendant. )

---

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND BRIEF IN SUPPORT

---

DATED: March 25, 2011

Edward L. White
**EDWARD L. WHITE, P.C.**
13924 Quail Pointe Drive,
Suite B
Oklahoma City, OK 75134
Telephone: (405) 810-8188
Facsimile: (405) 608-0971

Andrew Kierstead
**LAW OFFICE OF ANDREW S. KIERSTEAD**
1001 SW Fifth Ave., Ste. 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

Roger L. Mandel
Blake L. Beckham
Jose M. Portela
Sarita A. Smithee
**BECKHAM & MANDEL**
3400 Carlisle Street, Suite 550
Dallas, Texas 75204
Telephone: (214) 965-9300
Facsimile: (214) 965-9301

Attorneys for Plaintiff and the Class

---

# TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS...................................................................................................... ii

INDEX OF AUTHORITIES................................................................................................ iii

I. INTRODUCTION ........................................................................................................1

II. PROCEDURAL BACKGROUND................................................................................3

III. THE COURT SHOULD GRANT LEAVE TO PLAINTIFF TO FILE THE SECOND
AMENDED CLASS ACTION COMPLAINT...............................................................5

    A. *THE COURT SHOULD INDULGE A VERY STRONG PRESUMPTION IN
FAVOR OF ALLOWING PLAINTIFF TO AMEND.* .............................................5

    B. *QUIBIDS CANNOT REBUT THE STRONG PRESUMPTION IN FAVOR OF
THE COURT GRANTING PLAINTIFF LEAVE TO AMEND.* ...............................7

        1. QuiBids Cannot Prove Undue Delay, Bad Faith or Dilatory Motive On the
Part of Plaintiff or Repeated Failure to Cure Deficiencies by Amendments
Previously Allowed................................................................................................. 7

        2. QuiBids Will Not Be Unduly Prejudiced by the Court Allowing Plaintiff
to Amend................................................................................................................ 9

        3. Amendment Would Not Be Futile ........................................................................ 9

IV. THE COURT SHOULD APPLY THE MOTION TO STRIKE TO THE SAC AS A
MOTION TO DISMISS AND DECIDE IT ...................................................................9

V. THE COURT HAS TWO VIABLE OPTIONS AS TO HOW IT HANDLES THE
MOTION TO DISMISS .............................................................................................10

VI. REQUEST FOR RELIEF ..........................................................................................11

# INDEX OF AUTHORITIES

## CASES

*Burgess v. City of Oklahoma City,* No. Civ.-07-269-D, 2009 WL 2922942
  (WD Okla. Sept. 8, 2009) ................................................................. 6

*Compton v. Wells Fargo Financial Acceptance Oklahoma, Inc.,* No. CIV-04-0211-C,
  2005 WL 1533000 (W.D. Okla. June 27, 2005) .......................................... 8

*Foman v. Davis,* 371 U.S. 178 (1962) .............................................. 6

*Lee v. Enterprise Financial Group,* No. Civ-08-1221-M, 2009 WL 1362605
  (WD Okla. May 14, 2009) ................................................................ 6

*Meacham v. Church,* No. 2:08-CV-535-DB-PMW, 2008 WL 5191807
  (D. Utah Dec. 11, 2008) ................................................................ 8

*Murrah v. EOG Resources, Inc.,* No. Civ-10-994-M, 2011 WL 227652
  (WD Okla. Jan. 21, 2011) .............................................................. 6

*Triplett v. LeFleur County of Okla.,* 712 F.2d 444 (10th Cir. 1983) ........... 6

*U.S. v. Webb,* 655 F.2d 977 (9th Cir. 1981) ..................................... 6

## STATUTES

21 OKLA. STAT. § 982 ............................................................... 1

## RULES

FED. R. CIV. P. 12(f) .............................................................. 1

FED. R. CIV. P. 12(g)(2) ........................................................... 4

FED. R. CIV. P. 15(a)(1)(B) ...................................................... 4, 6

FED. R. CIV. P. 15(a)(2) ......................................................... 2, 5

Local Rule 7.1(g) .................................................................. 4

COMES NOW Plaintiff, Lawrence A. Locke, individually, and on behalf of all others similarly situated, and moves the Court for leave to file his Second Amended Class Action Complaint ("SAC"), the proposed version of which is attached hereto as Exhibit 1, and for such would respectfully show the Court as follows:

## I.

## INTRODUCTION

In its Motion to Strike and Brief in Support ("Motion to Strike") [Doc. 21], pursuant to FED. R. CIV. P. 12(f) , Defendant, QuiBids, LLC ("QuiBids"), seeks to strike references in the First Amended Class Action Complaint ("FAC") [Doc. 13] comparing QuiBids' auction scheme to gambling on the basis that its auction scheme allegedly does not, as a matter of law, constitute gambling under Oklahoma law and that allegations comparing it to same are inflammatory and prejudicial.  Motion to Strike at 4-6.  After careful research and analysis, Plaintiff came to the conclusion that QuiBids' auction scheme actually constitutes "commercial gambling" under 21 OKLA. STAT. § 982 in two respects, an issue Plaintiff had simply not previously considered. Plaintiff, accordingly, seeks leave to amend to assert that QuiBids engages in "commercial gambling" in violation of Oklahoma law, which is actionable by Plaintiff and the proposed Class as a violation of the Oklahoma Consumer Protection Act ("OCPA").

The FAC asserts two causes of action under the OCPA and a cause of action for common law fraud based on QuiBids' failure to disclose four material facts.  FAC ¶¶ 44, 49 & 53.  In its Motion to Dismiss with Brief in Support ("Motion to Dismiss") [Doc. 20], pursuant to FED. R. CIV. P. 12(b)(6), QuiBids seeks to dismiss those three causes of action based on two arguments: (1) that it allegedly disclosed on QuiBids.com ("the Site") all of the material facts which Plaintiff claims were not disclosed (Motion to Dismiss at 5-21), and (2) that it allegedly had no duty to disclose the omitted material facts (Motion to Dismiss at 21-23).  To support its first argument, it

argued that the Court can consider the contents of the Site because it was referenced in the FAC, and it attached the Declaration of Jeff Geurts [Doc. 20-1] to the Motion as Exhibit 1, which in turn attached as exhibits selected voluminous pages printed out from the Site [Docs. 20-2 to 20-6].

While Plaintiff will argue that no common law duty to disclose need exist for QuiBids to bear liability for omissions under the OCPA, Plaintiff will argue that a common law duty to disclose was placed upon QuiBids for purposes of common law fraud (and the OCPA, if necessary) by the existence of representations on the Home Page and Registration Pages of the Site which are misleading without further disclosure and by the existence of "peculiar circumstances" between it and its customers.  Those partial, misleading representations on the Home Page and Registration Pages and "peculiar circumstances" are not expressly pled in the FAC.  Plaintiff does not believe that it is strictly necessary for those representations and "peculiar circumstances" to be expressly pled in the FAC in order for him to rely upon them in responding to the Motion to Dismiss, because Plaintiff agrees with QuiBids that the contents of the Site, including the Home Page and Registration Pages, are deemed incorporated into the FAC by reference, allowing the Court to consider their contents and arguments based upon them. However, because Plaintiff seeks leave anyway to add the gambling claim, and because it will be easier for the Court to consider the arguments if these allegations are expressly pled, Plaintiff seeks leave in the SAC to expressly plead them.

Under FED. R. CIV. P. 15(a)(2), the Court should grant leave to Plaintiff to file the SAC because it is routine to allow amendments in response to Rule 12 motions, it is very early in the case, QuiBids will not be unduly prejudiced and amendment will not be futile.  The Court can

easily discern that filing the SAC will not be futile based upon the responses to the Motion to Strike and Motion to Dismiss filed simultaneously herewith.

Plaintiff's counsel suggested to QuiBids' counsel that they reach agreement regarding amendment and the procedures for disposing of the Motion to Strike and the Motion to Dismiss. Specifically, Plaintiff's counsel suggested that the portion of the Motion to Strike regarding gambling be treated by the Court as a motion to dismiss the gambling allegations in the SAC, that Plaintiff file a response, that QuiBids file a reply and the Court decide dismissal based thereon. As to the Motion to Dismiss, Plaintiff suggested that it be withdrawn or the Court deny it as moot and that QuiBids file a new motion to dismiss directed specifically at the SAC. QuiBids rejected Plaintiff's offer, and it opposes the Court granting Plaintiff leave to file the SAC.

Plaintiff asks the Court to handle the Motion to Strike and Motion to Dismiss as Plaintiff suggested to QuiBids. Alternatively, the Court could deny both Motions as moot and allow QuiBids to file one new motion to dismiss directed at the SAC. Alternatively, the Court could simply treat both Motions as directed at the SAC and proceed to rule upon them based upon the Responses being filed simultaneously herewith. Plaintiff is prepared to proceed in any of these manners.

## II.

## PROCEDURAL BACKGROUND

Plaintiff filed his Class Action Complaint ("Complaint") [Doc. 1] on November 30, 2010. The Complaint pled two causes of actions under the OCPA and a cause of action under common law fraud based on the same four material omissions by QuiBids. Complaint at 15-19 (¶¶ 40, 45 & 49 contain the same four omissions). The Complaint additionally pleads causes of action for unjust enrichment and money had and received. Complaint at 20-21. Plaintiff served QuiBids

with a summons on December 1, 2010 [Doc. 8], which made QuiBids' responsive pleading due on January 3, 2011.

On December 3, 2010, this Court entered its Order requiring Plaintiff to file a first amended complaint within 14 days alleging additional jurisdictional information ("Order") [Doc. 9].  Plaintiff accordingly filed the FAC [Doc. 13] on December 17, 2010, which pled additional jurisdictional facts.  FAC ¶ 10.  The FAC did not change the OCPA and common law fraud causes of action and the four omissions upon which they are based or the unjust enrichment and money had and received causes of action.  FAC at 16-21 (¶¶ 44, 49 & 53 contain the same four omissions).  Accordingly, the FAC did not represent any attempt by Plaintiff to better plead its causes of action or to correct any perceived pleading deficiencies.  It strictly represented compliance with the Court's Order requesting more specific pleading of the Court's jurisdiction.

On December 29, 2010, QuiBids filed a motion [Doc. 18] requesting the Court to enlarge the time for it to respond to the FAC from January 3, 2011, to February 4, 2011, which relief the Court granted by Order dated that same day [Doc. 19].  QuiBids filed its Motion to Dismiss [Doc. 20] timely on February 4, 2011.  Under the Court's Order giving it until February 4, 2011, to file a responsive pleading, QuiBids' filing of the Motion to Strike [Doc. 21] on February 7, 2011, was untimely.  It was also untimely pursuant to FED. R. CIV. P. 12(g)(2), because it constitutes a Rule 12 motion made after a prior Rule 12 motion raising a defense or objection that was available to the party but omitted from its earlier motion.

Under Local Rule 7.1(g), Plaintiff's responses to the Motion to Dismiss and Motion to Strike would have been due within 21 days of the filing of each, February 25, 2011, and February 28, 2011, respectively.  That is the same time within which Plaintiff could have amended as a matter of course under FED. R. CIV. P. 15(a)(1)(B).  The schedule for lead counsel

for Plaintiff during that time period did not allow him to even research and analyze the Motions, much less draft an amended complaint and/or responses to the Motions.   Accordingly, on February 11, 2011, Plaintiff filed a motion [Doc. 22] for an extension of time to respond to both Motions until March 11, 2011, which the Court granted on February 14, 2011 [Doc. 23].

Because lead counsel for Plaintiff became involved in a temporary injunction hearing set for March 11, 2011, with expedited discovery and mediation before the hearing expected to take almost all of his time between February 28, 2011, and March 11, 2011, Plaintiff filed a motion [Doc. 24] on February 28, 2011, requesting an additional two weeks, until March 25, 2011, to respond to the Motions.  The Court granted that extension the same day [Doc. 25].

No discovery has taken place in the case, no scheduling conference has been held, and no scheduling report has been filed.  In fact, pursuant to Plaintiff's unopposed motion [Doc. 26] regarding same filed March 9, 2011, the Court entered its Order [Doc. 27] on March 10, 2011, extending the time for the parties to conference regarding scheduling until 14 days after the Court's resolution of the Motions and extending the deadline for the parties to file the required scheduling report until 28 days after that date.

## III.

### THE COURT SHOULD GRANT LEAVE TO PLAINTIFF TO FILE THE SECOND AMENDED CLASS ACTION COMPLAINT

*A.* *THE COURT SHOULD INDULGE A VERY STRONG PRESUMPTION IN FAVOR OF ALLOWING PLAINTIFF TO AMEND.*

Rule 15(a)(2) provides that, "[t]he court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  As the United States Supreme Court long ago held, this Rule means a court should grant leave to amend unless the opposing party can present good reason why leave should not be granted:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis,* 371 U.S. 178, 182 (1962).   Simply put, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."  *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Indeed, the presumption in favor of allowing an amendment sought in response to a motion to dismiss is overwhelming.  As the Tenth Circuit has noted, "[i]n dismissing a complaint for failure to state a claim, the Court should grant leave to amend freely 'if it appears at all possible that the Plaintiff can correct the defect' [citation omitted]."  *Triplett v. LeFleur County of Okla.,* 712 F.2d 444, 446 (10th Cir. 1983) (holding district court abused its discretion by dismissing complaint without granting leave to amend).  In compliance with this guidance from the United States Supreme Court and the Tenth Circuit, this Court has routinely granted leave to amend to plaintiffs who sought to do so in response to Rule 12 motions.  *See, e.g., Murrah v. EOG Resources, Inc.,* No. Civ-10-994-M, 2011 WL 227652, at *3 (WD Okla. Jan. 21, 2011); *Burgess v. City of Oklahoma City,* No. Civ.-07-269-D, 2009 WL 2922942, at *7 (WD Okla. Sept. 8, 2009); *Lee v. Enterprise Financial Group,* No. Civ-08-1221-M, 2009 WL 1362605 at *5 (WD Okla. May 14, 2009).

This principle is so firmly entrenched that Rule 15(a)(1)(B) was amended effective December 1, 2009, to provide that a party could amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b), (e) or (f).  FED. R. CIV. P. 15(a)(1)(B).

Thus, had Plaintiff's counsel not been occupied, Plaintiff could have filed the SAC by February 25, 2011, without even seeking leave from the Court.[1]

The presumption in favor of granting Plaintiff leave to file the SAC cannot be rebutted by QuiBids. This case is at the very beginning: no discovery and no scheduling conference have taken place. It has been on file not even four months. The only activity that has taken place on the merits is QuiBids' filing of the Motion to Dismiss and the Motion to Strike. QuiBids will suffer no prejudice by Plaintiff being allowed to add a claim that QuiBids engages in "commercial gambling" in violation of Oklahoma law, an issue which QuiBids itself raised. Likewise, it will suffer no prejudice by allowing Plaintiff to expressly plead that QuiBids made affirmative misleading representations on the Site and that "peculiar circumstances" exist between it and its customers, giving rise to a common law duty to disclose on the part of QuiBids.

B.    *QUIBIDS CANNOT REBUT THE STRONG PRESUMPTION IN FAVOR OF THE COURT GRANTING PLAINTIFF LEAVE TO AMEND.*

1.    QuiBids Cannot Prove Undue Delay, Bad Faith or Dilatory Motive On the Part of Plaintiff or Repeated Failure to Cure Deficiencies by Amendments Previously Allowed.

Plaintiff seeks leave to amend after the case has been on file for less than four months and within the time for responding to the Rule 12 motions granted by the Court. Plaintiff had no dilatory motive in not asserting in the Complaint that QuiBids engages in "commercial gambling" in violation of Oklahoma law. Rather, Plaintiff simply had not considered that possibility. As soon as QuiBids raised the issue in its Motion to Strike, Plaintiff sought leave to

---

[1] QuiBids might argue that since Plaintiff had already filed the FAC, the SAC would not have fallen within the rule granting one amendment as a matter of course. However, because the FAC was filed by Plaintiff in response to this Court's Order and not to respond to any pending motion or to modify Plaintiff's claims, the SAC should be treated as Plaintiff's first requested amendment.

amend to add this claim. Likewise, as soon as QuiBids raised the issue of whether it could be liable for omissions under the OCPA and common law fraud without Plaintiff pleading a common law duty to disclose on its part, Plaintiff sought leave to amend.

As set forth above, this Court has routinely granted plaintiffs leave to amend when they sought leave at the beginning of cases in response to Rule 12 motions. In addition, when a plaintiff sought to respond to a second motion to dismiss by filing a third amended complaint making new factual allegations against the existing defendants and adding claims against two new defendants, this Court granted leave to amend. *Compton v. Wells Fargo Financial Acceptance Oklahoma, Inc.,* No. CIV-04-0211-C, 2005 WL 1533000, at *1-3 (W.D. Okla. June 27, 2005). The Court rejected the defendants' argument that the motion for leave was untimely because the plaintiffs allegedly should have known of the facts upon which the amended complaint rested but failed to include them in the previous versions of their complaint. *Id.* at *2.

In rejecting that argument, the Court said:

> Here, the litigants have conducted little, if any, discovery and a trial date has not been set. Therefore, in light of the foregoing facts and the Supreme Court's urging to heed Rule 15(a)'s mandate to freely grant leave when justice so requires, the Court finds that Plaintiff's third amended complaint is not untimely.

*Id. See also, Meacham v. Church*, No. 2:08-CV-535-DB-PMW, 2008 WL 5191807, at *1 (D. Utah Dec. 11, 2008) (allowing amendment after noting the case was still in the early stages of the litigation in that the initial pre-trial conference and entry of the scheduling order had not yet taken place). Accordingly, in this case, the Court should reject any argument by QuiBids that Plaintiff's motion to leave is untimely merely because the gambling claims could have been asserted in the Complaint if Plaintiff had known of them.

Finally, Plaintiff notes this is not a case where it has failed to cure deficiencies in earlier amendments. This is the first time that Plaintiff has sought leave to amend in order to change its

claims.   Plaintiff filed the FAC at the direction of the Court and only to supplement the jurisdictional allegations.

       2.      QuiBids Will Not Be Unduly Prejudiced by the Court Allowing Plaintiff to Amend.

QuiBids has not done anything substantive in this case other than filing the Motion to Dismiss and Motion to Strike.  The time and effort involved in filing Rule 12 motions cannot constitute "undue prejudice" or the general rule that a plaintiff should be allowed to amend in response to Rule 12 motions could not exist.  Given the procedural posture of this case, QuiBids has no possible legitimate basis for arguing that amendment would cause it "undue prejudice."

       3.      Amendment Would Not Be Futile.

Simultaneously with the filing of this Motion, Plaintiff is filing responses to both the Motion to Dismiss and Motion to Strike.  In those responses, Plaintiff responds to the Motions as if they were addressed to the SAC.  Those responses are incorporated herein by reference.  Upon review, the Court will see that the SAC will survive the arguments made in the Motions by QuiBids, and, thus, that the filing of the SAC will not be futile.

## IV.

### THE COURT SHOULD APPLY THE MOTION TO STRIKE TO THE SAC AS A MOTION TO DISMISS AND DECIDE IT

In the Motion to Strike at 4-6, based upon the description of the Site's operation contained in the FAC (which Plaintiff took from the descriptions on the Site) and the actual contents of the Site, which QuiBids filed with the Court and argued are incorporated by reference into the FAC such that they can be considered by the Court, QuiBids argues that its Site does not constitute "commercial gambling" in violation of Oklahoma's statutes as a matter of law.  In doing so, it thoroughly briefed its legal position on this issue.  The factual allegations in the SAC relevant to the gambling issue have not changed in a material way from the FAC.  The SAC

merely now pleads the legal claim that QuiBids engages in "commercial gambling" in violation of Oklahoma law, which is actionable under the OCPA.

Under the circumstances, the Court should simply treat the gambling argument in the Motion to Strike as a motion to dismiss the gambling allegations in the SAC, consider Plaintiff's response thereto and the reply filed by QuiBids thereto and rule. This is particularly true if QuiBids argues either prejudice or futility in opposing leave to amend to add the gambling claim.

The only possible prejudice to QuiBids is it having to draft another motion addressing the issue. If the Court treats that portion of the Motion to Strike addressing gambling as a motion to dismiss the gambling allegation in the SAC, QuiBids will not be required to spend any time and effort filing a new motion addressing the same topic.

Further, if QuiBids opposes leave to amend based on futility, the Court will have to consider Plaintiff's response and decide whether the SAC would survive the arguments made in the Motion to Dismiss. Thus, it will already effectively be considering that portion of the Motion to Strike as if it were a motion to dismiss the gambling allegations in the SAC. Consequently, it should go ahead and rule on the merits, as opposed to simply ruling on leave to amend.

## V.

### THE COURT HAS TWO VIABLE OPTIONS AS TO HOW IT HANDLES THE MOTION TO DISMISS

The Court could simply deny the Motion to Dismiss as moot and allow QuiBids to file a new motion to dismiss based specifically on the allegations in the SAC. Alternatively, because the SAC simply expressly alleges the contents of the Site, which are deemed incorporated into the FAC such that the Court could consider them in connection with the FAC, the Court could simply treat the Motion to Dismiss as applying to the SAC and rule thereon.

Plaintiff had suggested the first option to QuiBids because it would be cleaner to have a motion to dismiss that expressly addresses the specific allegations contained in the operative complaint. However, if QuiBids argues prejudice and/or futility as a reason to deny amendment, Plaintiff believes the Court should go ahead and treat the Motion to Dismiss as applying to the SAC and rule based upon it, Plaintiff's response thereto and any reply by QuiBids.

The only possible prejudice that QuiBids could argue from Plaintiff amending in order to respond to the Motion to Dismiss would be the time and effort involved in drafting a new motion to dismiss. If it makes this argument, the Court should remove the prejudice allegedly involved in drafting a new motion to dismiss by simply treating the existing motion to dismiss as applicable to the SAC.

If QuiBids argues futility, the Court will have to review Plaintiff's response and decide whether the SAC could survive the arguments made in the Motion to Dismiss if they were applied to the SAC. Effectively then, the Court would be applying the Motion to Dismiss to the SAC in order to decide whether to grant leave to amend. If it does so, it should simply go ahead and decide the Motion rather than just deciding leave to amend.

## VI.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Lawrence A. Locke, individually, and on behalf of all other similarly situated, respectfully requests the Court to grant them leave to file the Second Amended Class Action Complaint as attached hereto as Exhibit 1 and to grant them all such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

DATED: March 25, 2011.                      Respectfully submitted,


                                            /s/ Roger L. Mandel
                                            Roger L. Mandel
                                            rmandel@beckham-mandel.com
                                            Blake L. Beckham
                                            bbeckham@beckham-mandel.com
                                            Jose M. Portela
                                            c2coast@aol.com
                                            Sarita A. Smithee
                                            ssmithee@beckham-mandel.com
                                            **BECKHAM & MANDEL**
                                            3400 Carlisle Street, Suite 550
                                            Dallas, Texas 75204
                                            Telephone: (214) 965-9300
                                            Facsimile: (214) 965-9301


                                            Edward L. White
                                            ed@edwhitelaw.com
                                            **EDWARD L. WHITE, P.C.**
                                            13924 Quail Pointe Drive, Suite B
                                            Oklahoma City, OK 75134
                                            Telephone: (405) 810-8188
                                            Facsimile: (405) 608-0971


                                            Andrew Kierstead
                                            kiersteadlaw@aol.com
                                            **LAW OFFICE OF ANDREW S. KIERSTEAD**
                                            1001 SW Fifth Ave., Suite 1100
                                            Portland, OR 97204
                                            Telephone: (508) 224-6246
                                            Facsimile: (508) 224-4356


                                            Attorneys for Plaintiff and the Class

## Certificate of Service

On the 25th day of March, 2011, the foregoing Plaintiff's Motion for Leave to File Second Amended Complaint and Brief in Support was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Roger L. Mandel
Roger L. Mandel