## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LAWRENCE A. LOCKE, MATTHEW )
BROWN and CHRISTOPHER LLOYD, )
individually and on behalf of all others )
similarly situated, )
           )
           )
             Plaintiffs, )
           )
v. )           Case No. 5:10-cv-01277-F
           )
QUIBIDS, LLC, *et al.* )
           )
             Defendants. )
           )

---

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND BRIEF IN SUPPORT

---

DATED:  November 5, 2012        Reid Robison, OBA #7692
Michael D. McClintock, OBA #18105
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile:  (405) 235-0439

Of counsel:

John H. Beisner, *pro hac vice application forthcoming*
Jessica D. Miller, *pro hac vice application forthcoming*
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile:  (202) 393-5760

**ATTORNEYS FOR DEFENDANTS**

## MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 8, 9(b) and 12(b)(6), Defendants Matt Beckham, Mike Beckham, Josh Duty, Jeff Geurts (incorrectly named as "Jeff Guerts"), and Shaun Tilford (collectively, the "Individual Defendants") move to dismiss the claims asserted against them in the Third Amended Complaint ("TAC") [Dkt. No. 87] filed by Plaintiffs, Lawrence A. Locke ("Locke"), Matthew Brown ("Brown"), and Christopher Lloyd ("Lloyd") (together, "Plaintiffs"). In support of their Motion, the Individual Defendants submit the following brief.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Plaintiffs' TAC names the Individual Defendants for the first time, alleging that they actively participated in the corporate defendants' allegedly tortious conduct in their capacities as executive officers. The allegations against the Individual Defendants lack merit as a matter of law and should be dismissed. The TAC makes no attempt to allege any specific wrongdoing on the part of any of the Individual Defendants. Rather, Plaintiffs have haphazardly substituted the word "Defendants" for "QuiBids" throughout their new complaint in a purported effort to assert claims against them. While Plaintiffs have added five new paragraphs—one pertaining to each of the Individual Defendants—they all contain the same conclusory allegation that the particular defendant participated in the alleged conduct at issue in this case. Because Plaintiffs have failed to segregate their allegations among the Individual Defendants—much less identify a single specific instance of misconduct by these individuals—the TAC comes nowhere close to satisfying the

requirements of Rule 8, not to mention the more stringent pleading requirements of Rule 9(b).  Thus, Plaintiffs' claims against the Individual Defendants should be dismissed in full.

## ARGUMENT & AUTHORITIES

## I.   PLAINTIFFS' CAUSES OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED UNDER FED. R. CIV. P. 8 AND 9(b).

In Count I of their TAC, Plaintiffs allege that all Defendants "are engaged in commercial gambling" in violation of state law.  *See* TAC ¶¶ 73-82.  In Counts II and III, Plaintiffs allege that by making certain misrepresentations and/or omissions, the Defendants have committed an unlawful practice under § 753(20) of the OCPA—defined by Plaintiffs as a "deceptive trade practice"[1]—and/or have committed common law Oklahoma fraud.  *See* TAC ¶¶ 83-94.[2]  And Counts IV and V (TAC ¶¶ 95-100) allege money had and received and unjust enrichment—causes of action that this Court previously concluded were "derivative" of Plaintiffs' principal claims.  *See* Order [Dkt. No. 41], at 22.

The Individual Defendants are entitled to dismissal on each of these claims because Plaintiffs have not alleged what role any of the Individual Defendants purportedly played in connection with any of these alleged torts.  Under Rule 8, in order "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] The OCPA defines a "deceptive trade practice" to "mean[] a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person."  15 Okla. Stat. § 752(13).

[2] In its Motion to Dismiss [Dkt. No. 91], QuiBids explained that because Plaintiffs have failed to plead causation or reliance with sufficient particularity, these claims should be dismissed in their entirety under Fed. R. Civ. P. 9(b).  Pursuant to Fed. R. Civ. P. 10(c), the Individual Defendants incorporate QuiBids' argument by reference.

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, "[a] plaintiff must 'nudge [his] claims across the line from conceivable to plausible[.]'"  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (similar).

To satisfy the plausibility standard, the plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully."  *Larson v. Agos*, No. 11-cv-00986-CMA-CBS, 2011 WL 2473078, at *2 (D. Colo. June 22, 2011) (internal quotation marks and citation omitted).  In so doing, the plaintiff may not simply rely on legal conclusions, which the Supreme Court has instructed shall not be "'accept[ed] as true.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 678); *see also Allen v. Zavaras*, 430 F. App'x 709, 712 (10th Cir. 2011) ("conclusory allegations . . . are not sufficient").  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Rather, the complaint must contain sufficient factual heft "to allow the court 'to draw the reasonable inference' that a defendant has acted unlawfully."  *Stephenson v. F.B.I.*, No. 2:09-CV-905-CW-SA, 2010 WL 2024704, at *3 (D. Utah Mar. 26, 2010) (citation omitted), *report and recommendation adopted by*, 2010 WL 1978689 (D. Utah May 17, 2010); *see also In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (explaining that "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory") (citation and internal quotation marks omitted).

3

Here, because Counts II and III sound in fraud, Plaintiffs' allegations are subject to Rule 9(b)'s higher pleading standard. *See, e.g., Lee v. Enter. Fin. Grp.*, No. CIV-08-1221-M, 2009 WL 1362605, at **3-4 n.1 (W.D. Okla. May 14, 2009) (dismissing claims for fraud and violation of the Oklahoma Consumer Protection Act under Rule 9(b)).[3]   To satisfy this elevated standard, Plaintiffs must identify the time, place, manner and substance of any alleged misrepresentation and allege the specifics of their reliance on the representation. *See United States ex rel. Lacy v. New Horizons, Inc.*, 348 F. App'x 421, 424 (10th Cir. 2009) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and [she] must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.") (internal quotation marks and citation omitted) (alteration in original); *see also 4S Dev. Co., Ltd., LLLP v. FDIC*, No. CIV-10-299-M, 2011 WL 5179797, at *2 (W.D. Okla. Nov. 1, 2011) (same).

Under both Rule 8 and Rule 9(b), a complaint that alleges "identical wrongful acts [] collectively [] against individual and corporate defendants" "fall[s] *well* below the threshold required to meet" the pleading requirements. *Beavers v. DePuy Orthopaedics, Inc.*, No. 1:11 dp 20275, 2012 WL 1945603, at **4-5 (N.D. Ohio May 30, 2012) (emphasis added); *accord, e.g., Kline Enters. v. Swenson*, No. 1:11-cv-00535-BLW, 2012 WL 2060731, at *9 (D. Idaho June 6, 2012) (dismissing claims under both Rule 8 and Rule 9(b) where the complaint "fail[ed] to

---

[3] This Court held in its December 29, 2011 order dismissing Plaintiffs' claims that the causes of action for money had and received and unjust enrichment (Counts IV and V of the TAC) are "derivative of the other claims." Order [Dkt. No. 41], at 22.  Thus, Rule 9(b) governs these claims as well, at least to the extent they are derivative of the fraud-based claims in Counts II and III.

illuminate the role each defendant played in the suspect transaction, and further fail[ed] to offer enough detail to allow the Court to infer that each defendant's involvement would be generated in discovery"); *Markman v. Leoni*, No. CV 09-8364 SVW, 2010 WL 8275829, at *9 (C.D. Cal. Nov. 3, 2010) (allegations failed "to meet even pre-*Twombly* pleading standards because" plaintiff "simply lump[ed] defendants together").  In *Beavers*, for example, the court concluded that the complaint failed to state a claim under Rule 8 as to the distributor of a hip implant device, which was sued along with the implant's alleged manufacturers. According to the court, the complaint was "21 pages in length and contain[ed] 89 numbered paragraphs" but mentioned the distributor specifically only twice and otherwise generically leveled allegations against "defendants" collectively.  2012 WL 1945603, at *4.  The court concluded that the allegations against the distributor "f[e]ll well below the threshold required to meet the plausibility standard required under *Twombly*" because they "fail[ed] to distinguish between the [manufacturer] Defendants' allegedly wrongful acts and those of [the distributor]."  *Id.* at *5.

It follows perforce from such rulings under Rule 8 that, "where fraud is alleged against multiple defendants, blanket allegations of fraud couched in language such as 'by the defendants' are insufficient [to satisfy Rule 9(b)'s requirement of particularity].  Instead, the specifics of the alleged fraudulent activity of each defendant must be set forth."  *Lillard v. Stockton*, 267 F. Supp. 2d 1081, 1094 (N.D. Okla. 2003); *accord Lee v. Enter. Fin. Grp.*, No. CIV-08-1221-M, 2009 WL 1362605, at *3 (W.D. Okla. May 14, 2009).  Stated otherwise, plaintiffs cannot satisfy their Rule 9(b) burden by "merely lump[ing] multiple defendants together," but must instead "differentiate their allegations when suing more than one

5

defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Marley v. Greater Nev. Mortg. Servs.*, No. 3:11-CV-00716-ECR-VPC, 2012 WL 1883476, at *5 (D. Nev. May 22, 2012); *accord Motohouse Intern., LLC v. PPG Indus., Inc.*, No. 09cv1265-L(JMA), 2010 WL 476652, at *3 (S.D. Cal. Feb. 4, 2010) ("Rule 9(b) . . . requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants.").

Thus, just as they have under Rule 8, courts have concluded that allegations fail to meet the heightened standard under Rule 9(b) where the plaintiff fails to make particularized allegations against each defendant.  For example, in *Young v. Bishop Estate*, No. 09-00403 SOM-BMK, 2010 WL 715476, at *1 (D. Haw. Feb. 26, 2010), the plaintiff sought leave to amend his Complaint to add a series of new claims against multiple defendants, including a claim for common-law fraud under Hawaii law.  The defendants opposed the motion, contending that amendment would be futile, and the court agreed.  *Id.* at *2.  The court explained that "[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'"  *Id.* at *3 (citation omitted).  Applying this principle, the court concluded that the proposed amendment "does not meet Rule 9(b)'s mandate that it 'state with particularity the circumstances constituting fraud.'"  *Id.* (quoting Fed. R. Civ. P. 9(b)).  According to the court, the plaintiff's proposed amended complaint failed to allege anything specific with respect to the alleged fraudulent conduct—for example, the specific content of the purported misstatements.  *Id.*  But even more significant, the court explained, was the fact that "[p]laintiff fails to identify and differentiate each [d]efendant's role in the allegedly

fraudulent schemes." *Id.* Accordingly, the court resolved that "[b]ecause [p]laintiff's fraud claim fails to meet the mandates of Rule 9(b), it would be subject to a motion to dismiss, and allowing [p]laintiff to proceed on this claim would be futile." *Id.*

Similarly, in *Lee v. Enterprise Financial Group*, the plaintiff husband and wife brought suit against various defendants in connection with their purchase of a vehicle and a Balance Deficiency GAP Waiver Addendum ("GAP agreement"). 2009 WL 1362605, at *1. Under the GAP agreement, any outstanding loan balance on the vehicle would be paid in the event of a total loss of the vehicle. *Id.* When plaintiffs suffered a total loss to their vehicle, they submitted a claim under the GAP agreement, which was denied. *Id.* Plaintiffs subsequently asserted claims for, *inter alia*, fraud and violation of the Oklahoma Consumer Protection Act. *Id.* The defendants moved to dismiss these claims under Rule 9(b) on the ground that plaintiffs failed to segregate their allegations among the defendants. *Id.* at *3. In particular, plaintiffs merely alleged the following:

> Defendant EFG by and through its employees, servants, and agents, including Defendants Southwest, Monumental, Fowler Dodge, and/or John Doe Corporations 1-20 misrepresented the nature and scope of EFG GAP insurance coverage to the Plaintiffs and members of the Class . . . that the following vehicles satisfy the underwritten terms of the policy:   (a) vehicles with a gross vehicular weight of more than ten-thousand (10,000) pounds; (b) vehicles that are used for commercial purposes; and (c) vehicles that are not primarily garaged.

*Id.* at *4. The court agreed with defendants that plaintiffs' failure to differentiate specific conduct among the various defendants was fatal to their fraud-based claims. *Id.* According to the court, "plaintiffs impermissibly lumped all defendants together, rather than setting forth the identity of the party making the fraudulent statements, as well as the time, place

7

and contents of the alleged fraudulent statements." *Id.*  Accordingly, the court dismissed the fraud-based claims.  *Id.*

Plaintiffs' TAC, as it relates to the Individual Defendants, is no different from the complaints that were dismissed in the cases discussed above.  Plaintiffs' TAC fails to lodge a ***single*** specific allegation against a ***single*** Individual Defendant.   Indeed, Plaintiffs' only allegations pertaining to the Individual Defendants' alleged conduct appear under the section entitled "Parties," and consist of the following ***one-sentence*** assertion that ***does not vary*** from one proposed new defendant to the next:

> [Defendant] directly participated in designing, implementing and maintaining the Site in such a manner that it constitutes illegal gambling under Oklahoma law and designing, implementing and maintaining the affirmative misrepresentations and omissions contained within the Site that make it false, misleading and deceptive or he directly ordered subordinates to take such actions.

TAC ¶¶ 16-20.  This kind of generic allegation plainly "fail[s] under the requirements of Rule 9(b)," *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1356 n.3 (S.D. Fla. 2010), as well as Rule 8, *see, e.g.*, *Beavers*, 2012 WL 1945603, at *5.  As a result, Plaintiffs' TAC should, at a minimum, be dismissed as regards the Individual Defendants.

## II.     THE INDIVIDUAL DEFENDANTS INCORPORATE QUIBIDS' REMAINING ARGUMENTS BY REFERENCE.

Pursuant to Fed. R. Civ. P. 10(c), the Individual Defendants incorporate by reference all remaining arguments advanced by QuiBids in its Motion to Dismiss [Dkt. No. 91].  Thus, even if Plaintiffs had identified any conduct by the Individual Defendants, as opposed to resting on generic allegations, their claims would still fail for all the reasons set forth in that motion.

## **CONCLUSION**

For the reasons set forth above, the Individual Defendants respectfully request that the Court dismiss the claims asserted against them by Plaintiffs in the TAC.


DATED:  November 5, 2012                    Respectfully submitted,


                                                          /s/ *Michael D. McClintock*
                                                          Reid Robison, OBA #7692
                                                          Michael D. McClintock, OBA #18105
                                                          McAfee & Taft A Professional Corporation
                                                          10th Floor, Two Leadership Square
                                                          211 North Robinson Avenue
                                                          Oklahoma City, OK 73102
                                                          Telephone: (405) 235-9621
                                                          Facsimile:   (405) 235-0439
                                                          reid.robison@mcafeetaft.com
                                                          michael.mcclintock@mcafeetaft.com

                                                          Of counsel:

                                                          John H. Beisner, *pro hac vice application forthcoming*
                                                          Jessica D. Miller, *pro hac vice application forthcoming*
                                                          Skadden, Arps, Slate, Meagher & Flom LLP
                                                          1440 New York Avenue, N.W.
                                                          Washington, D.C. 20005
                                                          Telephone: (202) 371-7000
                                                          Facsimile:   (202) 393-5760
                                                          john.beisner@skadden.com
                                                          jessica.miller@skadden.com

                                                          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

- Edward L. White
  ed@edwhitelaw.com, jan@edwhitelaw.com

- Roger L. Mandel
  rlm@lhllaw.net, tlt@lhlaw.net

/s/ Michael D. McClintock